IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| H. JACK MIZELL | ) | |
| | ) | |
|   Appellant, | ) | |
| | ) | CIVIL ACTION NO. |
|   v. | ) | 1:08cv822-MHT |
| | ) | (WO) |
| WILLIAM C. CARN, III, | ) | |
| | ) | |
|   Appellee | ) | |

OPINION

Appellant H. Jack Mizell has not, as directed by this court's order (Doc. No. 4), specified which of two rulings his vague and confusing appeal is meant to address. Nonetheless, it is apparent that his appeal of either order cannot succeed. As a result, the appeal will be dismissed for the reasons, stated briefly, as follows.

If Mizell appeals the July 3, 2008, order directing the sale of assets, that appeal is untimely. Such appeals "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bank. Pro. 8002(a). Mizell

neither objected to this order at the time it was issued

nor filed a timely appeal with this court.   Moreover,

Mizell has not addressed, as requested by the court, the

issue of timeliness.

If Mizell is appealing the September 11, 2008, order

denying Mizell's second "emergency" petition, that appeal

must fail for similar reasons.   While Mizell's filings

are always difficult to understand--indeed, his short

appeal to this court contains seemingly unrelated

references to the Old Testament, eminent domain, food-

product manufacturers, and administrative remedies

available to the soul after death--it appears as if his

"emergency" petition is merely an attempt to relitigate

the issue of the sale of assets that he failed to appeal

timely and that he attempted without success to address

in his first "emergency" petition filed a month earlier.

The court cannot permit a party to circumvent the rules

of procedure simply by calling his motions something

different.   See United States Department of the Air Force

v. Carolina Parachute Corp., 907 F.2d 1469, 1473 (4th

Cir. 1990).   Because Mizell did not timely appeal the

previous order, he cannot revisit that decision simply by

filing a new "emergency" petition.

Moreover, appellee William C. Carn III argues--and

Mizell does not offer any argument in opposition--that

this issue is now moot.   Mizell's failure to obtain a

stay of the sale has now rendered his appeal moot because

"the Bankruptcy Code provides that once a sale is

approved by the bankruptcy court and consummated by the

parties, the bankruptcy court's authorization of the sale

cannot be effectively altered on appeal."  See In re The

Charter Company, 829 F.2d 1054, 1056 (11th Cir. 1987)

(holding that "the failure to obtain a stay renders the

appeal moot").  This is an additional, independent reason

to dismiss Mizell's appeal.[*]

_____

   *    The court notes that, even if it had jurisdiction
to hear Mizell's appeal, the case would lack merit.  Carn
correctly argues that Mizell does not cite any legal
authority in support of his arguments.  Moreover, Mizell
also failed to object to the sale of the assets at the
                                        (continued...)

                              ***

     Thus, Mizell's appeal of the bankruptcy court's order

or orders will be dismissed.   An appropriate judgment

will be entered.

     DONE, this the 31st day of December, 2008.


                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE

_____

     *    (...continued)
time that it was ordered.